IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

OTTO LEWIS III, #N3485                                                      PETITIONER

VERSUS                                        CIVIL ACTION NO. 1:04CV797-DMR-JMR

CHRISTOPHER EPPS and JIM HOOD                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter is before this Court on the Respondents' Motion [15-1] to Dismiss Pursuant to

§ 2244(d).  Having considered the Respondents' Motion [15-1], along with the entire record and the

applicable law, this Court finds that the Motion [15-1] is well-taken and should be granted.

Accordingly, Lewis' petition in the above-captioned action should be dismissed.[1]

**I. Statement of the Case**

The Petitioner, Otto Lewis III ("Lewis"), entered a plea of guilty to each of five counts of

uttering forgery in the First Judicial District of the Circuit Court of Harrison County, Mississippi.

By an order filed on May 24, 2002, Lewis was sentenced to serve a term of fifteen (15) years on each

count in the custody of the Mississippi Department of Corrections ("MDOC"), with said sentences

to run concurrently with one another and  with said sentence being suspended for time served.  (*See*

Order, attached to Respondents' Motion to Dismiss as Exhibit "A").  Additionally, the sentence

included three (3) years of Post-Release Supervision by the MDOC with petitioner being committed

to the Department of Corrections Restitution-Correctional Center until such time as he paid all costs

of court or until such time as the MDOC determined that the commitment to said institution was no

longer beneficial to society or Lewis. (*Id.*).  On September 17, 2002, Lewis' probation was revoked

---

[1]This Court notes that Lewis has failed to respond to the Respondents' Motion [15-1] to
Dismiss, which was filed on April 15th, 2005.

and he was ordered to serve a term of ten (10) years for each count in the custody of the MDOC, with each sentence to run concurrently with the other.  (*See* Order, attached to the Respondents' Motion to Dismiss as Exhibit "B").

Lewis' revocation became final on the day his probation was revoked, September 17, 2002, because revocation of probation is not appealable.  (*See Rogers v. State*, 829 So. 2d 1287, 1288 (Miss. App. 2002)).  Lewis submitted his federal habeas petition sometime between October 18, 2004, the date he signed it, and October 25, 2004, the date it was stamped "filed."  According to the mailbox rule, Lewis' petition tolls the statute of limitations when he delivers it to prison officials for mailing.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Thus, at the earliest, Lewis "filed" his petition on October 18, 2004.

## II.  Analysis

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999).  As noted above, there is no appeal from a probation revocation.  Therefore, Lewis' judgment became final on the date that his probation was revoked – September 17, 2002.  Thereafter, Lewis had until September 17, 2003 to file a federal petition for a writ of habeas corpus.  According to the mailbox rule, Lewis' petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  At the earliest, Lewis "filed" his federal petition when he signed it on October 18, 2004, some 397 days after the federal statute of limitations had expired on September 17, 2003.

Based on the foregoing, Lewis' federal petition for habeas corpus is barred by the one-year statute of limitations, unless Lewis is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the judgment becoming final and his filing of the federal petition for federal habeas corpus.  28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending.  Lewis filed a "Motion to Vacate/Set Aside Judgment and Sentence" with the Harrison County Circuit Court on April 6, 2004, in which he challenged his probation revocation.  (*See* Circuit Court Case History Listing, attached to the Respondents' Motion as Exhibit "C".)  This motion was filed 202 days late after the September 17, 2003, habeas filing deadline and was dismissed by the circuit court on April 27, 2004. (*See* Order, attached to the Respondents' Motion as Exhibit "D").  Thereafter, Lewis filed a late notice of appeal on July 16, 2004, which was denied by the circuit court as untimely on August 3, 2004.  (*See* Order, attached to Respondents' Motion as Exhibit "E").  Pursuant to § 2244(d)(2), Lewis' two state post-conviction motions cannot toll the one-year limitations period described in § 2244(d)(1) as it was not filed within the one-year limitations period for filing the petition for writ of habeas corpus.  Lewis' petition is therefore barred by § 2244(d), unless Lewis persuades this Court that his claim should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).  Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  As noted above, Lewis has failed to respond to the

Respondent's Motion [15-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling.

Without the benefit of equitable tolling, Lewis needed to file his federal habeas petition on or before September 17, 2003.  A federal habeas petition is deemed "filed" when the petitioner "delivers the petition to prison officials for mailing to the district court."  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)(per curiam)(citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).  At the earliest, Lewis filed his federal habeas petition on October 18, 2004 – the date he signed the federal petition in the above-captioned case.  Lewis' Petition is therefore barred by § 2244(d).

### III.  Conclusion

Lewis' state court probation revocation became final on September 17, 2002.  Thereafter, Lewis had one year, or until September 17, 2003, to file a federal petition for a writ of habeas corpus. At the earliest, Lewis filed his federal habeas petition on October 18, 2004.  This Court finds that Lewis is entitled to neither statutory nor equitable tolling.  Therefore, it is the opinion of this Court that Lewis' Petition for Writ of Habeas Corpus should be dismissed on the federal one-year limitations period found in 28 U.S.C. § 2244(d).

**SO ORDERED AND ADJUDGED** this the 15th  day of August, 2005.


 /S/   **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**